UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ATEL MARITIME INVESTORS, LP**  **CAUSE NO.:**
**(Plaintiff)**

**VERSUS**

**BP EXPLORATION & PRODUCTION, INC.,**
**BP AMERICA PRODUCTION COMPANY, and**
**BP P.L.C.**
**(Defendants)**

## COMPLAINT

1.

On or about April 20, 2010, the Deepwater Horizon drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2.

Plaintiff, ATEL Maritime Investors, LP, has suffered economic injury, damage and/or losses as a result of the oil spill.

3.

Plaintiff brings this civil action as a related action in the matter entitled IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010, MDL No. 2179.

4.

Plaintiff, ATEL Maritime Investors, LP, is a California business entity with its principal office in San Francisco County, California, and claims damages as set forth below.

5.

In filing this Complaint, Plaintiff hereby asserts by adoption and reference a claim in the Complaint and Petition of Triton Asset Leasing GmbH, et al., No. 10-2771; adopts and incorporates the Master Answer [Rec. Doc. 244] to the Complaint and Petition of Triton Asset Leasing GmbH, et al., in No. 10-2771; and intervenes into, joins and otherwise adopts the Master Complaint [Rec. Doc 879] for private economic losses ("B1 Bundle") filed in MDL No. 2179 (10 md 2179), including any subsequent supplemental or amending complaints thereto.

6.

Plaintiff brings this case against the following defendants:

- a) BP Exploration & Production, Inc., a Delaware corporation with its principal place of business in Warrenville, Illinois.  This court has personal jurisdiction over BP Exploration because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

- b) BP America Production Company, a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana;

- c) BP p.l.c., a British public limited company with its corporate headquarters in London, England.  This court has general jurisdiction over BP p.l.c pursuant to Louisiana's long arm general jurisdiction provision, in combination with Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure.

BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. are referenced herein collectively as "BP".

7.

Jurisdiction and venue exist before this Court.  Specific allegations of jurisdiction and venue as set forth in the Master Complaint, including any subsequent supplemental or amending complaints thereto, are adopted and plead herein.

8.

Upon current information and belief, Plaintiff sustained injuries and damages from the BP Oil Spill as a result of the following factual circumstances: ATEL Maritime Investors, L.P. ("ATEL") is a business operating out of San Francisco, California.  Claimant owns an oil-field service vessel named OSV CAPE KUMUKAHI.  The CAPE KUMUKAHI's hailing port is New Orleans, Louisiana  Claimant's vessel services the oil-drilling and support platforms in the Gulf of Mexico.  The oil spill has directly and negatively impacted Claimant's earnings.  The oil spill and its effects have halted and/or slowed drilling operations in the Gulf of Mexico and the surrounding waterways.  The oil spill and its effects have also damaged, effected, and /or caused the closure of waterways.

9.

Plaintiff contends that Plaintiff's previous transmissions, communications, and/or claims made by Plaintiff to BP and/or BP's agents/representatives/administrators were sufficient to protect all of Plaintiff's rights in this matter, including the full satisfaction of the "Presentment" requirement under the Oil Pollution Act (OPA) to BP as the "Responsible Party" under OPA.  The time period for BP to respond to Plaintiff's Presentment claim has expired, and BP either denied Plaintiff's claim or otherwise failed to accept or sufficiently respond to Plaintiff's demand.  Accordingly, Plaintiff is entitled to file the instant Complaint.

10.

In addition to Plaintiff's other transmissions, communications and/or claims, Plaintiff, out of an abundance of caution, made and/or re-made claim Presentment in accord with 33 USC §§ 2702(b) and 2713 by submitting a description of the claim with a "sum certain" demand and with supporting documentation to BP as the "Responsible Party" under OPA via U.S. certified mail

and/or electronic transmission, on or about December 18, 2012. BP either denied Plaintiff's claims or otherwise failed to accept or respond within 90 days of Presentment. Plaintiff has thus satisfied the mandatory condition precedent to file this civil action under OPA.

11.

Plaintiff's claims for relief against each of the Defendants are adopted anew from the Master Complaint referenced above, including any subsequent supplemental or amending complaints thereto, and are incorporated and re-alleged herein. Said claims include, but are not limited to, all applicable claims under the general maritime law and the Oil Pollution Act, as well as State Law Claims for Relief, Punitive Damages and Declaratory Relief.

12.

As a result of the Defendants' negligence, strict liability, gross negligence, willful and wanton conduct, and violations of applicable safety, construction or operating regulations/statutes, Plaintiff has sustained and will continue to sustain damages indefinitely into the future. Said damages sustained by Plaintiff and recoverable from the named Defendants include, but are not limited to, the following:

    a)    economic, income, property and compensatory damages;

    b)    punitive and/or exemplary damages;

    c)    pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d)    attorneys' fees, claims preparation expenses, and costs of litigation;

    e)    declaratory and injunctive relief; and

    f)    such other and further relief and damages available under all applicable state and federal laws, as well as any and all relief that the Court deems just and appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly, severally and solidarily, for the injuries and damages as set forth above, any and all other and further relief and damages available under all applicable state and federal laws, and any general and equitable relief that the Court deems just and appropriate.

Respectfully submitted,

COSSICH, SUMICH, PARSIOLA
& TAYLOR, LLC

BY:  /s/ Brandon J. Taylor
PHILIP F. COSSICH, JR., #1788 (T.A.)
pcossich@cossichlaw.com
DARREN D. SUMICH, #23321
dsumich@cossichlaw.com
DAVID A. PARSIOLA, #21005
dparsiola@cossichlaw.com
BRANDON J. TAYLOR, #27662
btaylor@cossichlaw.com
8397 Highway 23, Suite 100
Belle Chasse, Louisiana  70037
Telephone:  (504) 394-9000
Facsimile:  (504) 394-9110

ROBERT S. REICH, #11163
REICH, ALBUM & PLUNKETT, LLC
Two Lakeway Center, Suite 1000
3850 N. Causeway Boulevard
Metairie, Louisiana
Telephone:     (504)830-3999
Facsimile:      (504)830-3950

SERVICE WILL BE ATTEMPTED BY WAIVER.